**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

**KEVIN ANTONIO VAN BUREN**                                                                                      **PLAINTIFF**

**v.**                                                                                       **CIVIL ACTION NO. 4:12CV-P52-M**

**SGT. COY** *et al.*                                                                                              **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Kevin Antonio Van Buren is a pretrial detainee incarcerated at the Hopkins County Jail (HCJ). He filed a complaint on a 42 U.S.C. § 1983 form against the following HCJ officers in their individual and official capacities: Sgt. Coy, Capt. Lewis, and Lt. Komar.

In the complaint, Plaintiff alleges that he is black and was discriminated against when he was removed from the "max cell" and placed in segregation based on a "false claim of conflict" filed by three white inmates, who were "calling me racial slurs and disrespecting languages towards me." He states that the guards were aware of the other inmates' actions. Plaintiff reports being in segregation since January 22, 2012, and he alleges, "I wont be able to leave seg either. My next court date is Feb 2013." He states that he was placed in segregation without any disciplinary hearing, action, or report and was "left for dead." Plaintiff states that while in segregation he is being denied religious services; access to a proper law library; access to his court-appointed attorney; and access to programs. Plaintiff reports writing grievance and requisition forms to Defendants Coy, Lewis, and Komar. As relief, Plaintiff seeks monetary and punitive damages and injunctive relief.

The Court construes the action as asserting denial of access to religious services and access to courts under the First Amendment and discrimination and denial of due process under the Fourteenth Amendment.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Upon consideration, the Court will allow the complaint to proceed for further development. A separate Scheduling Order will be entered.

Date: September 28, 2012

**Joseph H. McKinley, Jr., Chief Judge
United States District Court**

cc: Plaintiff, *pro se*
      Defendants
      Hopkins County Attorney
4414.005